**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 07-30176

JENNIFER DIANNE HOLLAND
a/k/a JENNIFER BOWSER
d/b/a SLUMBER PARTIES BY JENNIFER

        Debtor

**MEMORANDUM ON OBJECTION TO
CONFIRMATION OF CHAPTER 13 PLAN**

**APPEARANCES:**    BOND, BOTES & LAWSON, P.C.
      Cynthia T. Lawson, Esq.
      5418 Clinton Highway
      Knoxville, Tennessee  37912
      Attorneys for Debtor

                HODGES, DOUGHTY & CARSON
      Thomas H. Dickenson, Esq.
      Post Office Box 869
      Knoxville, Tennessee  37901-1869
      Attorneys for ORNL Federal Credit Union

                GWENDOLYN M. KERNEY, ESQ.
      Post Office Box 228
      Knoxville, Tennessee  37901-0227
      Chapter 13 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Confirmation of Chapter 13 Plan (Objection to Confirmation) filed on February 22, 2007, by ORNL Federal Credit Union (Credit Union).  The court held a preliminary hearing on the Objection to Confirmation on March 14, 2007, at which time the parties agreed that the matter should be decided on stipulations and briefs.  The parties filed Amended Stipulations of Fact Relating to Objection to Confirmation Filed By ORNL Federal Credit Union on April 10, 2007.[1]  The Credit Union filed its Brief on April 10, 2007, and the Debtor filed her Brief on April 11, 2007.[2]  Because the identical issues raised by the Credit Union in the present case were decided by the court in two prior cases, *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006), and more recently in *In re Steakley*, ___ B.R. ___, 2007 WL 259570 (Bankr. E.D. Tenn. Jan. 17, 2007), the Objection to Confirmation will be overruled.

The Debtor filed the Voluntary Petition commencing her bankruptcy case under Chapter 13 of the Bankruptcy Code on January 19, 2007.  The Credit Union is a secured creditor of the Debtor, holding a claim in the amount of $18,460.22, secured by a 2002 Chevrolet Tahoe (Tahoe).  The Debtor's Chapter 13 Plan (Plan), filed on January 19, 2007, proposes weekly payments of $275.00 for 60 months, plus payment of all tax refunds in excess of $1,500.00 after 2006, resulting in a projected dividend of 71-100% to nonpriority unsecured creditors.  With respect to the Credit Union's claim, the Plan proposes to surrender the Tahoe "In Full Satisfaction Of Debt."

---

[1] These Stipulations amended and superseded Stipulations of Fact Relating to Objection to Confirmation Filed By ORNL Federal Credit Union filed by the parties on March 27, 2007.

[2] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of all documents filed in the Debtor's bankruptcy case.

2

Pursuant to the March 15, 2007 scheduling Order, the sole issue the court is called upon to resolve is "[w]hether 11 U.S.C. § 1325(a)(5)(C) (2005), in conjunction with the 'hanging paragraph' in 11 U.S.C. § 1325(a) (2005), allows the Debtor to surrender ORNL Federal Credit Union's collateral, a 2002 Chevrolet Tahoe, 'In Full Satisfaction Of Debt.'"

Section § 1325(a) provides, in material part:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

. . . .

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that—

(I) the holder of such claim retain the lien securing such claim until the earlier of—

(aa) the payment of the underlying debt determined under nonbankruptcy law; or

(bb) discharge under section 1328; and

(II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if—

(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

3

>    >    (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
>    (C) the debtor surrenders the property securing such claim to such holder;
>
>    . . . .
>
>    For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period[3]] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing[.]

11 U.S.C. § 1325(a) (2005).

In *Ezell*, the court determined that 11 U.S.C. § 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) when the provisions of the alphanumeric paragraph located at the end of § 1325(a) are met. Accordingly, under this "Anti-Cramdown Provision," once the requirements therein are met, debtors wishing to retain collateral under § 1325(a)(5)(B) must pay the full amount of the secured claim, and debtors wishing to surrender collateral under § 1325(a)(5)(C) do so in full satisfaction of the debt. *Ezell*, 338 B.R. at 340. In *Steakley*, the court expanded upon *Ezell*, holding that the Bankruptcy Code preempted state law with respect to modification of creditors' rights, and § 1325(a)(5)(C) in conjunction with other provisions of the Bankruptcy Code, including 11 U.S.C. § 1322 (2005) and the Anti-Cramdown Provision,

---

[3] The court supplies this word which was presumably inadvertently omitted by the drafters of the statute.

leaves no avenue for a creditor to properly claim a deficiency balance under state law or the Uniform Commercial Code. *Steakley*, 2007 WL 259570, at *6.

All of the applicable requirements set forth in the Anti-Cramdown Provision apply in this case. The Tahoe was purchased by the Debtor for her personal use on November 24, 2004, within the 910-day period set forth in the statute, and the Retail Installment Contract executed by the Debtor granted the Credit Union a purchase money security interest in the Tahoe. Accordingly, based upon the *Ezell* and *Steakley* decisions, which are controlling on this issue in this court, § 506(a) does not apply to the Credit Union's claims, the Anti-Cramdown Provision solidifies its position as a fully secured creditor of the Debtor without regard to whether the proposed treatment is retention or surrender, and there is no avenue by which the Credit Union may bifurcate its fully secured claim and file a deficiency claim. The Objection to Confirmation filed by ORNL Federal Credit Union shall be overruled, and the Debtor's Plan will be confirmed by a separate order.

FILED: April 13, 2007

                                              BY THE COURT

                                              /s/ RICHARD STAIR, JR.

                                              RICHARD STAIR, JR.
                                              UNITED STATES BANKRUPTCY JUDGE